IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCUS BOSWELL,<br><br>Defendant. | Case No. CR12-2005<br><br>ORDER FOR PRETRIAL DETENTION |

On the 14th day of March, 2012, this matter came on for hearing on the Defendant's request to have a detention hearing.[1] The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Alfred E. Willett.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 8, 2012, Defendant Marcus Boswell was charged by Indictment (docket number 2) with possession with intent to distribute cocaine base (crack cocaine). At the arraignment on February 14, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 16, 2012.

At the hearing, Special Agent John Austin of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the instant charge. On December 15, 2011, Defendant was a passenger in a vehicle involved in a traffic stop. Law enforcement had information that crack cocaine might be found inside the vehicle. Defendant was arrested during the traffic stop, and transported to a law enforcement

---

[1] Defendant waived his right to a hearing at the initial appearance, while reserving his right to ask for a hearing on a later date.

1

center. While being transported, Defendant engaged in unusual activity in the back of the law enforcement vehicle. Specifically, Defendant laid down in the backseat and repeatedly kicked at the officer's seat. Upon arriving at the law enforcement center, the officer found a baggie on the backseat floor of his vehicle containing approximately 57 grams of crack cocaine. Defendant was interviewed and told law enforcement that he found the baggie of crack cocaine, and took it into his possession for purposes of selling it.

Special Agent Austin also testified that in the month prior to the traffic stop and Defendant's arrest, Defendant was involved in three controlled purchases of crack and powder cocaine. Austin also stated that the driver of the vehicle that was stopped on December 15, 2011, was interviewed and told law enforcement that he and Defendant went to Chicago on multiple occasions each month to get crack cocaine for distribution in Iowa. Lastly, Austin discussed a search warrant that was obtained for Defendant's apartment. Upon execution of the search warrant, law enforcement found a handgun in an upstairs bedroom. An individual at the apartment when the search warrant was executed, told law enforcement that the bedroom where the handgun was found belonged to Defendant.

According to the pretrial services report, Defendant is 24 years old. He was born and raised in Chicago, Illinois. His parents and two brothers currently reside in Chicago. Defendant told the pretrial services officer that he lived "back and forth" between Cedar Rapids, Iowa, and Chicago in 2008 and 2009. He moved to Cedar Rapids permanently in 2010.

Defendant has never been married, and he has no children. He is engaged to Evangela Matlock. Prior to his arrest, Defendant was unemployed. Except for working as a bouncer for four or five nights in 2010, Defendant has not been employed since 2009. Defendant is in good physical health and reports no present or past mental or emotional health concerns. He admitted using marijuana daily for the past year, with his last use being the date of his arrest.

Defendant has a minimal criminal record. On April 17, 2007, Defendant was charged with criminal trespass to vehicle. That charge was stricken from the docket with leave to reinstate. On September 29, 2009, Defendant was charged and later convicted of possession of marijuana. He was given 3 months probation. He was discharged from probation on May 18, 2010.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed

a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute cocaine base (crack cocaine). Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. Following a traffic stop, Defendant was arrested and transported to a law enforcement center. While being transported, Defendant made unusual movements in the back of the officer's vehicle. Upon arriving at the law enforcement center, the officer found a baggie containing crack cocaine on the backseat floor of the vehicle. Defendant was interviewed and admitted that he found the baggie of crack cocaine, and took it into his possession for purposes of selling it. Special Agent Austin also testified that prior to his arrest, Defendant was involved in three separate controlled purchases involving crack and powder cocaine. Additionally, another individual involved in the traffic stop told law enforcement that he and Defendant went to Chicago multiple times each month to get crack cocaine for distribution in Iowa.

As a general proposition, the distribution of drugs constitutes a general danger to the community. There is also evidence that Defendant was in possession of a handgun. If convicted, Defendant would face a minimum of 5 years in prison, and a maximum of 40 years in prison. Defendant lacks strong ties to Iowa, and does not have a stable residence in Iowa. While his family resides in Chicago, Defendant has not had strong ties to that community for 4 years. Defendant also lacks stable employment. Therefore, based on the serious nature and circumstances of the offense, the strong evidence against him, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Defendant's request for a detention hearing (March 9, 2012) to the filing of this Ruling (March 14, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 14th day of March, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA